**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|   |   |
|---|---|
| THOMAS EDWARD PETRONGLO, | Civil Action |
| Petitioner, | No. 24-164 (CPO) |
| v. |   |
| WARDEN THOMPSON, | **OPINION** |
| Respondent. |   |

**O'HEARN, District Judge.**

Petitioner is a federal prisoner currently incarcerated at Federal Correctional Institution ("FCI") Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) For the reasons stated in this Opinion, the Court will dismiss the Petition for lack of jurisdiction.

### I.  BACKGROUND[1]

This case arises from Petitioner's incarceration at FCI Fort Dix. According to Petitioner, he is in danger at a low security level facility like Fort Dix because it is a "dormitory-style" facility, full of career offenders half his age. (*Id*. at 1–2.) He is "an easy target to abuse," because he is a 64-year-old farmer with mental health issues, who cries a third or fourth of the day. (ECF No. 1-1, at 1.) He also alleges that he is vulnerable because of his charges but did not identify those charges. (ECF No. 1, at 7.) Additionally, a staff member recognized the danger and told another inmate to "look out" for Petitioner. (ECF No. 1-1, at 2.) The Petition offers no further elaboration.

With regard to his administrative remedies, Petitioner did not attempt to file any grievances because "time is of the essence for [his] safety." (ECF No. 1, at 7.) Petitioner filed the instant

---

[1] The Court will accept as true the factual allegations in the Petition for the purposes of this Opinion only. The Court has made no findings as to the veracity of Petitioner's allegations.

Petition in January of 2024. In terms of relief, he asks the Court to "recommend or order" the Bureau of Prisons ("BOP") to send him to a "camp" level facility, *i.e.*, a minimum-security level facility. (*Id.*)

## II.     STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief"). More specifically, a district court may summarily dismiss a petition when "it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (quoting Habeas Rule 4).

In making that determination, courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Courts must construe *pro se* habeas petitions and any supporting submissions liberally. *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010).

## III.     DISCUSSION

Petitioner argues that housing him at Fort Dix violates his rights under the Eighth Amendment. (ECF No. 1-1, at 2.) He appears to ask the Court to recommend or order the BOP to change his custody level and transfer him to a minimum-security level facility. (ECF No. 1, at 7.)

Under 28 U.S.C. § 2241(c), however, habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2241(c)(3). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time" he files his petition. *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (quoting *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)).

In other words, a petitioner must satisfy: "the status requirement that the person be 'in custody,' and the substance requirement that the petition challenge the legality of that custody on the ground that it is 'in violation of the Constitution or laws or treaties of the United States.'" *See, e.g.*, *Wilson v. Montgomery Cty., Pa.*, No. 09-0371, 2009 WL 1322362, at *4 (D.N.J. May 12, 2009) (quoting 28 U.S.C. § 2241(c)(3)) (citing *Maleng*, 490 U.S. at 490); *O'Neal v. Grondolsky*, No. 09-4500, 2010 WL 1257725, at *1 (D.N.J. Mar. 26, 2010).

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in" other legal proceedings. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted). Thus, in general, "unless the claim would fall within the 'core of habeas' and require sooner release if resolved in the [prisoner's] favor," a prisoner should bring a prison condition claim through other legal avenues. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

With those principles in mind, the Court finds that Petitioner's claim regarding his custody level and corresponding facility placement, is not cognizable in habeas. This claim does not challenge the fact or duration of his custody, *i.e.*, his *conviction or sentence*, as unconstitutional. Stated differently, because a ruling in Petitioner's favor, such as changing his custody level or finding that his placement violates the Eighth Amendment, "would not alter his sentence or undo his conviction," he cannot proceed by habeas petition. *Leamer*, 288 F.3d at 542; *see also, e.g.*, *Cohen v. Lappin*, 402 F. App'x 674, 676 (3d Cir. 2010) (affirming dismissal because custody level claims "do not challenge the basic fact or duration" of one's imprisonment); *Levi v. Ebbert*,

353 F. App'x 681, 682 (3d Cir. 2009) (affirming dismissal because the petitioner's "claims concerning . . . custody level do not lie at the 'core of habeas' and, therefore, are not cognizable in a § 2241 petition").

As a result, this Court lacks jurisdiction under § 2241 to hear Petitioner's custody level related claims. If Petitioner believes that the conditions of his confinement continue to violate his rights, a proper course of action would be to file a civil complaint, under a new docket number, after exhausting his administrative remedies.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction. An appropriate Order follows.

DATED:  June 11, 2024

/s/ Christine P. O'Hearn____
**Christine P. O'Hearn**
**United States District Judge**